UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN ARBOGAST,

    Plaintiff,

vs.                                        CIVIL ACTION NO. 1:13cv160

JEREMIAH J. PHILLIPS and
DERRICK CALIP,

    Defendants.

## OPINION/ REPORT AND RECOMMENDATION
## TO DISMISS CASE WITHOUT PREJUDICE

On June 24, 2013, Plaintiff, pro se, filed a Complaint in this Court [DE 1]. He named as Defendants, Jermiah J. Phillips and Derrick Calip. That same date the Clerk issued and sent to Plaintiff a Notice of General Guidelines for Appearing Pro Se in Federal Court [D.E. 2] and a Notice of Deficient Pleading [D.E. 3]. The Notice of Deficient Pleading advised Plaintiff that he must, within 21 days, provide the complete names of all defendants/respondents, or as much of the names as is known, and a complete address for each. He must also file an application in forma pauperis to proceed without prepayment of the full or partial filing fees or pay a fee of $400.00.00. The Notices were mailed to Plaintiff on June 24, 2013 by Certified Mail.

The case was referred to the undersigned United States Magistrate Judge by United States District Judge Irene M. Keeley [D.E. 4].

On July 10, 2013, Plaintiff filed his Application to Proceed without Prepayment of Fees [DE 7]. Based on Plaintiff's affidavit, the Court finds that he cannot reasonably afford to pay the filing fee in this case, **GRANTS** his Motion For Leave To Proceed *In Forma Pauperis* [DE 7]. The undersigned, however, **RECOMMENDS** this case be dismissed without prejudice due to lack of Federal Jurisdiction.

Plaintiff's cause of action is against Jeremia Phillips and Derrick Calip, both of whom are indicted in United States v. Paglia, et al., N.D.W.Va. Criminal No. 1:12CR25. Both defendants have entered guilty pleas in the above case, and both have been sentenced. Both have been incarcerated since April 24, 2012.

Plaintiff's "claiment" [sic], construed as a Complaint, states that he wants to file in this "Federail [sic] Court in Clarksburg West Virginia, against Jeremia J. Phillips and Derrick Calip both for the Upshur County and Harrison County Hot Stuff and Cool Things." He goes on to state that he was the first in Upshur County, in the State of West Virginia, hospitalized for "shooting up" bath salts. He alleges that "shooting up" the bath salts caused him to have a heart pacemaker device removed, and that he was hospitalized for four months as a result. He alleges the containers of bath salts had no labels to indicate what he was injecting

Plaintiff then states he wishes to file a claim for $1,000,000.00 "in this Fedreal [sic] Court of Harrison County." It is unclear whether Plaintiff intended to file an action in this Court or the Circuit Court of Harrison County, West Virginia; however, the undersigned finds Plaintiff has not alleged Federal Jurisdiction. His "cause of action," read liberally, is for personal injury caused by a substance sold by the two defendants.

Before this Court may consider the case, this Court must determine whether it has subject matter jurisdiction over the action. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998)(jurisdiction cannot be assumed even where legal issues could be readily resolved or prevailing party on merits would be the prevailing party where jurisdiction is denied). It is a fundamental precept that federal courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal

statue." In re Bulldog Trucking, Inc., 147 F.3d 347 (4th Cir. 1998)( "A primary incident of that precept is our duty to inquire, *sua sponte*, whether a valid basis for jurisdiction exists, and to dismiss the action if no such ground appears.") "If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P.12(h)(3).

Plaintiff fails to allege, and cannot allege that either defendant is a "state actor." Further, Plaintiff has provided no indication of any sort of governmental action. He has also alleged no federal question. His cause of action is for personal injury. As such, there is no Federal Jurisdiction over this matter.

Nor does Plaintiff allege diversity jurisdiction. To invoke the district court's diversity jurisdiction, the parties must be completely diverse, meaning that none of the plaintiffs shares state citizenship with any of the defendants, and the amount in controversy must exceed the jurisdictional threshold. 28 U.S.C. section 1332; Mayes v. Rapoport, 198 F.3d 457 (4th Cir. 1999). The plaintiff wishing to bring suit in federal court has the burden or proving complete diversity and the requisite amount in controversy. See Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765 (4th Cir. 1991). Plaintiff does request relief in the amount of one million dollars, far above the jurisdictional threshold. Plaintiff is clearly a resident of West Virginia, as he claims he purchased the bath salts in Upshur and Harrison County, West Virginia, and was the first in the State of West Virginia hospitalized for bath salts. He further claims he was hospitalized in "Ruby Memorial Hospital," "Upshur County Hospital," and "Harrison County Hospital" (although misnamed, these facilities are all in West Virginia). He does not allege the state citizenship of either defendant, however. Both defendants are residents of West Virginia. As Plaintiff himself alleges, they both sold him bath salts while they were employed at "Hot Stuff and Cool Things" in Upshur and

Harrison Counties, both within the State of West Virginia. Both listed addresses in West Virginia at the time of their arrest and had resided in the state for over a year.

The Court is not aware of the state in which each defendant may be incarcerated at this time; however, this is not a deciding factor as to residency or citizenship. When considering diversity for jurisdictional purposes, a prisoner's domicile is presumed to be where he was domiciled prior to incarceration. Palokoff v. Henderson, 370 F. Supp. 690 (N.D. Ga. 1973), aff'd, 488 F.2d 977 (5th Cir. 1974)(cited with approval, Roberts v. Morchower, 956 F.2d 1163 (4th Cir. 1992 (unpublished)) See also Schuch v. Cipriani, 2006 WL 1651023 (N.D.W.Va. 2006)(citing the above cases with approval).

In this action, Arbogast has not alleged any facts to establish complete diversity. Moreover, the defendants, as well as Arbogast, are residents of West Virginia. Accordingly, the parties in this action are not diverse, and subject matter jurisdiction does not exist pursuant to section 1332.

For the reasons stated above, the undersigned United States Magistrate Judge finds this action must be dismissed for lack of subject matter jurisdiction. By dismissing the case without prejudice at this time, Plaintiff may yet have an opportunity to file his case in the Circuit (State) Courts of Upshur County or Harrison County, West Virginia.

## **RECOMMENDATION**

For the above reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff's Complaint (Docket Entry 1) be **DISMISSED WITHOUT PREJUDICE**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy

of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to any counsel of record herein and to mail a copy to the pro se Plaintiff at his last shown address by Certified United States Mail, Return Receipt Requested.

DATED: July 18, 2013

s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE