IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN ARBOGAST,**

    **Plaintiff,**

**vs.**          **CIVIL ACTION NO. 1:13cv160**
             **(Judge Keeley)**

**JEREMIAH J. PHILLIPS and**
**DERRICK CALIP,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On June 24, 2013, the pro se plaintiff, John Arbogast ("Arbogast"), filed a complaint in which he sought $1 million in damages from the defendants, Jeremiah Phillips ("Phillips") and Derrick Calip ("Calip"). The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Title 28, United States Code §§ 636(b)(1)(A) and 636(b)(1)(B) and L.R. Civ. P. 72.01(d)(6).

On July 18, 2013, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R"), in which he recommended that Arbogast's complaint be dismissed for lack of subject matter jurisdiction. (Dkt. No. 10). The magistrate judge determined that the complaint established neither arising under nor diversity jurisdiction. See id. at 3-4. The R&R also specifically warned Arbogast that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise

have on this issue. The parties did not file any objections.[*]
Consequently, finding no clear error, the Court:

(1) **ADOPTS** the R&R in its entirety (dkt. no. 10);

(2) **DENIES AS MOOT** the filings found at docket numbers 12 and 13; and

(3) **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: August 6, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[*] On July 29, 2013, Arbogast filed two documents with the Court. Both are unintelligible. See (Dkt. Nos. 12, 13). Moreover, they are not responsive to the jurisdictional defects identified by the magistrate judge. Thus, even if Arbogast had labeled these filings "Objections," they are ineffective as such and do not obligate the Court to conduct a de novo review. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984) (failure to file specific objections waives appellate review of both factual and legal questions); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations").